UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20371-RAR

**DRINE OUSSAMA**,

    Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOM ENFORCEMENT**,

    Respondent.
_____/

**ORDER INSTRUCTING PETITIONER TO
FILE AN AMENDED PETITION AND PAY THE FILING FEE**

**THIS CAUSE** comes before the Court *sua sponte*. Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his continued detention in the custody of Immigration and Customs Enforcement ("ICE") is in violation of *Fraihat v. United States Immigration and Customs Enforcement*, 445 F. Supp. 3d 709 (C.D. Cal. 2020). *See* Petition ("Pet.") [ECF No. 1]. Unfortunately, the Petition is presently defective in its current form, so the Court will provide Petitioner with another opportunity to file a facially sufficient § 2241 petition.

First, Petitioner has failed to pay the requisite $5.00 filing fee to bring a § 2241 action in this Court. *See* 28 U.S.C. § 1914(a) ("[O]n application for a writ of habeas corpus the filing fee shall be $5."). If Petitioner wishes to maintain this action he <u>must</u> either: (1) pay the entire $5.00 filing fee, or (2) file a legally sufficient motion to proceed *in forma pauperis* ("IFP"). The Petitioner will be provided with a copy of a form application to proceed IFP. Failure to either pay the filing fee or file a motion to proceed IFP <u>will</u> result in the dismissal of the Petition. *See* Fed. R. Civ. P. 41(b); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989).

Second, the substance of the Petition contains facts that are clearly not related to Petitioner or the conditions of his confinement. Petitioner claims to be "Drine Oussama," a "French-Tunisian citizen" who previously resided in Tampa. *See* Pet. at 17. Petitioner argues that his detention is illegal due to the unconstitutional and violent actions of the facility's correctional officers and medical staff. *See id.* However, the rest of the Petition refers to another individual entirely, Jean Robert Lormestoir, and argues that Mr. Lormestoir, a citizen of Haiti, is entitled to be released because of his "multiple serious medical conditions." *Id.* at 1–2. Obviously, the Court will not grant Petitioner relief based on a factual and legal argument that applies to Mr. Lormestoir. The Court will allow Petitioner to file a new, amended petition which sets forth the factual and legal basis for his argument that <u>his</u> detention is unconstitutional. The Clerk will also provide Petitioner with a new form to complete his amended petition. The Court will also dismiss this action if Petitioner fails to file his amended petition in a timely manner. *See* FED. R. CIV. P. 41(b).

Thus, based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Petitioner is hereby ordered to file a concise, § 2241 petition on the proper form, which shall be due in this Court no later than **March 1, 2023**, setting forth each ground for relief with sufficient supporting facts. The Petition should only concern Petitioner and cannot be a boilerplate petition that applies to other immigration detainees.

2.  To amend his petition, Petitioner should completely fill out a new § 2241 form, marking it "Amended Petition under 28 U.S.C. § 2241." Petitioner is instructed to refrain from incorporating by reference any prior filed pleadings or arguments. This amended petition shall be the sole, operative pleading considered in this case, meaning only the claims presented in the amended petition will be considered by the Court. Petitioner is further advised that any claims set forth in the amended petition must be timely filed, or it may be subject to dismissal pursuant to

*Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000), as well as any other procedural bars and defenses that may apply. All filings, including the amended petition, shall be made in the civil case number listed above.

3. Petitioner is reminded that any claims lacking sufficient factual support will be subject to dismissal, and no further amendments will be permitted. Failure to commit allegations under penalty of perjury shall be viewed as an attempt to raise claims without sufficient factual support.

4. On or before **March 1, 2023**, the Petitioner shall either pay the Clerk's filing fee of $5.00 or, in the alternative, shall file a motion to proceed in forma pauperis. Failure to either timely pay the filing fee or file a sufficient IFP motion will result in the dismissal of the Petition.

5. The Clerk is **INSTRUCTED** to provide the Petitioner with copies of this Court's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 form <u>and</u> its Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

6. This case shall be administratively **CLOSED**. The Court will reopen the case upon the Petitioner's filing of the Amended Petition and his payment of the filing fee or the filing of an adequate IFP motion.

**DONE AND ORDERED** in Miami, Florida, this 31st day of January, 2023.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc:  Drine Oussama
A201-581-679
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE